**UNITED STATES of America, Plaintiff,**

v.

**Kenneth Warren SMITH, Defendant.**

**No. 19441.**

United States District Court
W. D. Missouri, W. D.

Nov. 20, 1957.

Edward L. Scheuffler, U. S. Atty., Paul R. Shy, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Kenneth Warren Smith, pro se.

R. JASPER SMITH, District Judge.

Defendant files, pursuant to Section 2255, Title 28 U.S.C.A., a motion to vacate and set aside the sentence imposed upon him by this Court on March 2, 1956. On that date defendant pleaded guilty to an information alleging a violation of Section 2314, Title 18 U.S.C.A., and was committed to the custody of the Attorney General for a period of eight years and six months.

A co-defendant, Jerry Robert Loman, charged with the identical violation as a principal, entered a plea of not guilty, was tried and convicted by jury. Upon his appeal, the United States Court of Appeals, Eighth Circuit, reversed the conviction with directions to enter a judgment of acquittal in favor of Loman. Loman v. United States, 243 F.2d 327. The Court of Appeals held that the facts as they were adduced from the evidence on trial were insufficient to constitute a violation of Section 2314, supra.

The Government takes no positive position for or against defendant's motion; but does concede that the factual background of the information against defendant is exactly the same as that in-

volved in the case of United States **v.** Jerry Robert Loman.

Under the circumstances as they have developed and considering the Government's position and admissions, I am of the firm opinion that the judgment and sentence imposed upon defendant are vulnerable to collateral attack. Although defendant pleaded guilty to an information charging a federal offense, the facts upon which the information was predicated and to which defendant was confessing guilt have now been held deficient to establish that offense. This opinion compels me to sustain defendant's motion for relief, to vacate and set the judgment and sentence aside, and discharge the defendant from the custody of the Attorney General.

It is so ordered.